Turley, J.
delivered the opinion of the court.
The prisoner was convicted in the Criminal Court at Mem *568 phis, of the offence of receiving stolen goods, knowing them to have been stolen, and now asks a reversal of the judgment pronounced against him, and a new trial upon the ground, that a continuance, which he prayed for at the time he was put upon his trial, was improperly refused him.
We have repeatedly >said, that we interfere with the judgments of the'inferior courts with reluctance upon matters of practice, or things involving an-exercise of legal discretion, and that we will never do so, except in cases of palpable mistake, without the correction of which, injustice must necessarily be done.
In the case now under, consideration, the prisoner filed . an affidavit as the ground for his motion for a continuance, which alledges, that one Alfred Whipple is a material witness in his case, without whose testimony he cannot go safely to trial; that he can prove by him that the articles charged to have been stolen, and to have been feloniously received by him, were purchased. The Criminal Judge refused to continue the case upon this affidavit. In so doing has he committed such a mistake in the exercise of his discretion as must be productive of injustice to the prisoner if it be not rectified? We cannot say that he has. The affidavit is very loose and general in its expressions; it was not stated from whom the articles were purchased, nor the price paid for them. Every word contained in it may be true, and still the prisoner be guilty. Receivers of stolen goods often, in point of fact most generally, pay some consideration, inadequate of course, to the thief, who will very seldom, if ever, steal for the purpose of giving to another. The word-ingof the affidavit induces the impression that the affiant was paltering with the facts, by stating, as a cause for a continuance, what might be true in word, but false to the sense.
We, therefore, think the Judge committed no error in refusing a continuance, and affirm the judgment.